IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DENNIS C. REED,                          )
      Petitioner,                       )    Civil Action No. 2:11-110
                                        )
      v.                                )    District Judge Gary L. Lancaster
                                        )
JOHN E. WETZEL, et al.,                  )
      Respondents.                      )
                                        )

## MEMORANDUM AND ORDER

      Pending before the Court is Petitioner Dennis C. Reed's Motion For Extension Of Time Within

Which To File Petition For Writ Of Habeas Corpus [ECF No. 25]. For the reasons set forth below, the

Court will deny Reed's motion for an extension and dismiss this case without prejudice.


## I.

      Reed was convicted in the Court of Common Pleas of Lawrence County of first-degree murder,

kidnapping, interference with custody of children, and related offenses. Following a penalty hearing, the

jury sentenced him to death on his first-degree murder conviction. The Pennsylvania Supreme Court

affirmed his judgment of sentence on March 25, 2010. Commonwealth v. Reed, 990 A.2d 1158 (Pa.

2010). On November 1, 2010, the United States Supreme Court denied his petition for writ of certiorari.

Reed v. Pennsylvania, 131 S.Ct. 549 (2010). Accordingly, his judgment of sentence became final on

that date. Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000) (a judgment of sentence becomes final at

the conclusion of direct review or the expiration of time for seeking such review).

      On January 27, 2011, Reed, through counsel with the Federal Public Defender's Office, Western

District of Pennsylvania, commenced this habeas action by filing motions to appoint counsel and to

1

proceed *in forma pauperis*. The Court granted those motions and issued an Order directing Reed to file his petition for a writ of habeas corpus under 28 U.S.C. § 2254 on or before May 31, 2011. [ECF Nos. 1-2].

Reed filed two motions for an extension, which the Court granted. [ECF Nos. 6-7, 19-20]. Reed's petition for a writ of habeas corpus is due November 1, 2011.

Pending before the Court is Reed's third motion for an extension. [ECF No. 25]. Therein, Reed's counsel advises the Court that on September 16, 2011, a collateral challenge to his judgment of sentence was commenced in the Court of Common Pleas pursuant to Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. § 9541 *et seq*. The Honorable Dominick Motto, who presided over Reed's trial, also presides over the PCRA proceeding. Judge Motto appointed Dennis Elisco, Esq., and Bradley Olson, Esq., to represent him.[1]  On October 12, 2011, they filed a PCRA petition on Reed's behalf. Judge Motto has scheduled a hearing for November 29, 2011.

## II.

A federal habeas petitioner must complete the exhaustion of his available state court remedies before a federal district court may determine the merits of his or her habeas corpus claims. The exhaustion requirement is codified at 28 U.S.C. § 2254(b)(1)(A), which provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –
>
> > (A)     the applicant has exhausted the remedies available in the courts of the State[.]

---

[1]     It appears that Reed's federal habeas counsel worked diligently in order to secure PCRA counsel for him. In working on his behalf in this case, it became clear to her that, although the deadline to pursue available state remedies was fast approaching, Reed may have competency issues which have interfered with his willingness to pursue such relief.

2

28 U.S.C. § 2254(b)(1)(A). The statute further provides that "[a]n applicant shall not be deemed to have

exhausted the remedies available in the courts of the State, within the meaning of this section, if he has

the right under the law of the State to raise, by any available procedure, the question presented."

28 U.S.C. § 2254(c).

The exhaustion requirement is "grounded in principles of comity; in a federal system, the States

should have the first opportunity to address and correct alleged violations of state prisoner's federal

rights." Coleman v. Thompson, 501 U.S. 722, 731 (1991). See also O'Sullivan v. Boerckel, 526 U.S.

838, 842-49 (1999). The requirement is:

> principally designed to protect the state courts' role in the enforcement of federal law and
> prevent disruption of state judicial proceedings. See Braden v. 30th Judicial Circuit
> Court of Kentucky, 410 U.S. 484, 490-491, 93 S.Ct. 1123, 1127, 35 L.Ed.2d 443 (1973).
> Under our federal system, the federal and state "courts [are] equally bound to guard and
> protect rights secured by the Constitution." Ex parte Royall, 117 U.S. [241, 251, 6 S.Ct.
> 734, 740 (1886)]. Because "it would be unseemly in our dual system of government for a
> federal district court to upset a state court conviction without an opportunity to the state
> courts to correct a constitutional violation," federal courts apply the doctrine of comity,
> which "teaches that one court should defer action on causes properly within its
> jurisdiction until the courts of another sovereignty with concurrent powers, and already
> cognizant of the litigation, have had an opportunity to pass upon the matter." Darr v.
> Burford, 339 U.S. 200, 204, 70 S.Ct. 587, 590, 94 L.Ed. 761 (1950). See Duckworth v.
> Serrano, 454 U.S. 1, 3, 102 S.Ct. 18, 19, 70 L.Ed.2d 1 (1981) (per curiam) (noting that
> the exhaustion requirement "serves to minimize friction between our federal and state
> systems of justice by allowing the State an initial opportunity to pass upon and correct
> alleged violations of prisoners' federal rights").

Rose v. Lundy, 455 U.S. 509, 517 (1982) (footnote omitted). "[A] state prisoner's federal habeas

petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his

federal claims." Coleman, 501 U.S. at 731 (citing Ex parte Royall, 117 U.S. 241; Lundy, 455 U.S. 509;

Castille v. Peoples, 489 U.S. 346 (1989); and 28 U.S.C. § 2254(b)).

Under the circumstances presented here, the Court must dismiss this case without prejudice.

See, e.g., Lundy, 455 U.S. at 515-22. Reed's federal habeas counsel requests that, rather than dismissing

this case, the Court stay it during the pendency of his state proceedings. District courts have the authority to stay and abey federal habeas cases in accordance with Rhines v. Weber, 544 U.S. 269 (2005). The practice of staying and abeying federal habeas cases is a development necessitated by the interaction of the one-year statute of limitations enacted by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1), and the pre-AEDPA rule set forth in Lundy that required that federal courts dismiss without prejudice habeas petitions that contain unexhausted claims. Rhines, 544 U.S. at 275 ("As a result of the interplay between AEDPA's 1-year statute of limitations and Lundy's dismissal requirement, petitioners who come to federal court with 'mixed' petitions run the risk of forever losing their opportunity for any federal review of their unexhausted claims."); see also Heleva v. Brooks, 581 F.3d 187, 189-90 (3d Cir. 2009). In Rhines, the United States Supreme Court held that in order to avoid predicaments that may arise in attempting to comply with AEDPA's statute of limitations while at the same time exhausting claims in state court, a state prisoner may file a "protective" habeas petition in federal court and ask the district court to stay and abey the federal habeas proceeding until state remedies are exhausted. 544 U.S. at 276-78.

The Court declines to stay this case under Rhines. AEDPA's one-year statute of limitations period began to run on the date Reed's judgment of sentence becomes final by the conclusion of direct review, which was November 1, 2010. 28 U.S.C. § 2244(d)(1)(A); Swartz, 204 F.3d at 419. When his PCRA petition was filed on October 12, 2011, AEDPA's limitation period was tolled pursuant to 28 U.S.C. § 2244(d)(2), and it will continue to be tolled during the pendency of his PCRA proceeding.[2] Reed's federal habeas counsel maintains that this case should be stayed indefinitely while the PCRA case is litigated because, after that proceeding concludes, he will have only approximately 19 days in

---

[2]     Section 2244(d)(2) provides that AEDPA's limitations period is statutorily tolled during the entire pendency of a "properly filed" application for state post-conviction relief. See also Pace v. DiGuglielmo, 544 U.S. 408, 410 (2005).

which to commence a timely federal habeas case. Counsel asserts that Reed's alleged lack of competency may interfere with his ability to meet that deadline. The Court rejects this argument because, if Reed receives relief in the PCRA proceeding, the pursuit of federal habeas relief will be unnecessary. Moreover, even if he is in fact incompetent at the present time, as counsel contends, he may regain his competency. His PCRA case will likely takes several years to be finally resolved, and the Court will not speculate as to what his mental condition will be years from now, when, in the event that PCRA relief is denied, he would pursue federal habeas relief.

Reed's federal habeas counsel has represented him well. However, Judge Motto has now appointed two attorneys to represent him in the PCRA proceeding, where issues regarding his competency and his entitlement to post-conviction relief must first be litigated before this Court may address them. Therefore, based upon all of the foregoing, the Court will deny Petitioner's Motion For Extension Of Time Within Which To File Petition For Writ Of Habeas Corpus [ECF No. 25] and dismiss this case without prejudice. Accord Hairston v. Beard, No. 2:10-cv-1119, slip op. (W.D. Pa. Oct. 28, 2011) (Fischer, J.); Crispell v. Wetzel et al., No. 3:11-cv-168, slip op. (W.D. Pa. Sept. 19, 2011) (Cercone, J.); Baumhammers v. Wetzel et al., No. 2:11-cv-258, slip op. (W.D. Pa. Mar. 3, 2011) (McLaughlin, J.); VanDivner v. Beard et al., No. 2:10-cv-866, slip op. (W.D. Pa. Jan. 3, 2011) (Gibson, J.); Mitchell v. Beard et al., No. 2:07-cv-144, slip op. (W.D. Pa. Feb. 22, 2008) (McLaughlin, J.); Treiber v. Beard et al., 1:06-cv-89, slip op. (W.D. Pa. July 6, 2007) (Gibson, J.).

An appropriate Order follows.

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

DENNIS C. REED,                          )
      Petitioner,                    )       **Civil Action No. 2:11-110**
                       )
      v.                             )       **District Judge Gary L. Lancaster**
                       )
JOHN E. WETZEL, et al.,                   )
      Respondents.                   )
                       )

## ORDER

AND NOW, this 28th day of October, 2011, it is hereby **ORDERED** that:

(1)   Petitioner's Motion For Extension Of Time Within Which To File Petition For Writ Of Habeas Corpus [ECF No. 25] is **DENIED**;

(2)   This case is **DISMISSED WITHOUT PREJUDICE**; and

(3)   Clerk shall mark this case closed.

Gary L. Lancaster
Chief United States District Court Judge
Western District of Pennsylvania

cc:  All counsel of record

6